IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BROOKS, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 09-5773 |
| C.O. AUSTIN, : | |
|     Defendant. : | |

MEMORANDUM OPINION

RUFE, J.                                                                                                          NOVEMBER 1, 2012

      Before the Court is Defendant's Motion to Dismiss the Complaint for Failure to Prosecute.  For the reasons that follow, the Motion will be granted.

I.      **BACKGROUND**

      Nearly three years ago, *pro se* Plaintiff James Brooks filed this prisoner civil rights case, alleging that on November 26, 2009, Defendant Correctional Officer ("C.O") Austin used "unnecessary force" by slamming Plaintiff into the wall and pushing his elbow into Plaintiff's neck, all while Plaintiff was handcuffed.[1]  The Complaint contained additional claims asserted against then-Defendant C.O. Weaver.  By Opinion and Order dated June 30, 2010, the Court dismissed the claims against C.O. Weaver, referred the case to the Prisoner Civil Rights Panel for appointment of counsel, and placed the case in suspense.[2]  The case remained in suspense and referred to the panel for over a year without securing counsel.  During this time, it appears that Plaintiff was released from incarceration, but he did not update his address with the Court as

---

[1] Compl. (Doc. No. 3) at 3, 5.

[2] Doc. Nos. 10, 11.

required by Local Rule 5.1(b) and mail sent to his address of record was returned with the notation "discharged."

On July 30, 2012, it being apparent that the attempt to secure counsel through the Prisoner Civil Rights Panel had been futile, and noting that Plaintiff had been released from custody, the Court removed the case from suspense and ordered that Plaintiff update his address within 21 days of the date of the Order.[3]  Plaintiff failed to do so and, on September 5, 2012, Defendant filed a Motion to Dismiss for Failure to Prosecute.[4]  On October 9, 2012, in light of Plaintiff's failure to respond to the Court's Order to update his address or to Defendant's Motion to Dismiss, the Court ordered that no later than October 19, 2012, Plaintiff show cause why the case should not be dismissed for failure to prosecute.[5]  The Court explained:

> Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order."  A court may grant such a motion if, after considering those factors set forth by the Third Circuit in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), it determines that it is in the interests of justice to do so.  Here, Plaintiff has failed to take any affirmative steps to prosecute his claims aside from filing the Complaint and has failed to contact the Court in any way in over two years. Plaintiff's refusal to participate in this case will make prosecution of his claims impossible and will warrant dismissal of this action.[6]

Despite the Court's warning, Plaintiff has failed to contact the Court in any way as of the date of this Opinion and, upon consideration of the Poulis factors the Court finds that dismissal of this action is warranted.

---

[3] Doc. No. 13.

[4] Doc. No. 14.

[5] Doc. No. 15.

[6] Doc. No. 15 at 1 n.2.

**II.     DISCUSSION**

In Poulis, the Third Circuit set forth six factors that a district court must consider before involuntarily dismissing a case: "(1) the [plaintiff's] personal responsibility [for the failure to prosecute]; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) willfulness or bad faith; (5) the availability of alternative sanctions; and (6) the merit of the claim or defense."[7]  However, in a case such as this one, where a plaintiff's failure to participate in the litigation "makes adjudication of the case impossible, dismissal pursuant to Rule 41(b) is appropriate, even without consideration of the Poulis factors."[8]  Here, although not required, the Court has nevertheless considered the Poulis factors and finds that they support dismissal.

First, with respect to Plaintiff's personal responsibility for the lack of prosecution, Plaintiff, who proceeds *pro se*, is personally responsible for his failure to prosecute this action. The Court has afforded Plaintiff several opportunities to show his desire to pursue his claims, but Plaintiff has failed to take any affirmative steps to do so.  Second, Defendant will be prejudiced by Plaintiff's delay in pursuing his claims, as Plaintiff's failure to participate in the case makes adjudication of the claims impossible.  Third, as the Court has described above, Plaintiff has demonstrated a history of dilatoriness in failing to respond to the Court's orders or take any affirmative steps to pursue his claims aside from filing the Complaint.  Fourth, while the Court is not able to infer that Plaintiff has acted in bad faith in failing to prosecute this case, because he represents himself, any lack of participation is entirely attributable to Plaintiff's actions, not that of an attorney.  Fifth, since Plaintiff has failed to respond to Court orders, the Court infers that alternative sanctions are unlikely to prompt Plaintiff to take action; the Court simply cannot force Plaintiff to prosecute his case.

---

[7] Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011) (citing Poulis, 747 F.2d at 868).

[8] Id.

Finally, given the stage of the proceedings, the Court is unable to determine whether Plaintiff's claims have merit.  However, because the other <u>Poulis</u> factors support dismissal, and because despite any merit to Plaintiff's claims it does not appear he desires to purse them, the Court finds dismissal pursuant to Rule 41(b) is warranted.  Dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits,"[9] and consequently, dismissal is with prejudice.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion and dismiss the Complaint.  An appropriate Order will be entered.

---

[9] Fed. R. Civ. P. 41(b).